# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 17-201** |
| **CURTIS JOHNSON, JR.** | **SECTION I** |

## ORDER & REASONS

Defendant Curtis Johnson, Jr. has moved[1] to exclude the government's proposed DNA evidence against him, which it alleges ties him to a bandana recovered after the killing of Hector Trochez. The Court will address the admissibility of that evidence at trial.

In the course of briefing and arguing the issue, Johnson has also objected to the appearance of Mark Perlin at trial (or during an evidentiary hearing). Johnson describes Perlin as "the founder and CEO [of Cybergenetics], the company that manufactures the TrueAllele software" used to analyze the DNA sample at issue.[2] Johnson argues that because "[t]he government did not properly disclose Mr. Perlin as an expert . . . it is improper for the government to rely on his testimony in support of DNA analysis that he did not perform."[3] Johnson adds that Perlin's affidavit, submitted not in compliance with the parties' agreed-upon scheduling order, but as

---

[1] R. Doc. No. 1243.
[2] R. Doc. No. 1293, at 1 (reply).
[3] *Id.*

an exhibit to the government's opposition[4] to the motion, "should be excluded as untimely . . . pursuant to Rule 16 of the Federal Rules of Criminal Procedure."[5]

The government does not dispute that Perlin was not timely disclosed as a potential expert, and has repeatedly responded by arguing that (1) it did not intend to call Perlin as a witness during trial,[6] and (2) the fact Perlin was never disclosed as a witness does not prohibit him from testifying (or the government from relying on his affidavit) during an evidentiary hearing where his "affidavit meets Rule 16's requirement of a 'written summary'" and where "Johnson will have sufficient time to prepare for [Perlin's] testimony."[7]

In light of the fact that the *Daubert* hearing will be held during trial, and given the apparent possibility that the government may, despite its earlier statements to the contrary, call Perlin at trial, the Court finds it appropriate to evaluate whether Rule 16 requires that Perlin be excluded from testifying either during any evidentiary hearing *or* during trial. As explained below, the Court concludes that it does not.

The Court begins by noting that neither Johnson nor the government have been clear about when they believe Perlin *should* have been disclosed.[8] However, because the government does not argue that it timely disclosed Perlin as a potential

---

[4] R. Doc. No. 1277 (opposition); R. Doc. No. 1277-1 ("Declaration of Mark W. Perlin").
[5] R. Doc. No. 1293, at 1–2.
[6] *See* R. Doc. No. 1422, at 1 (arguing that the government may rely on Perlin's testimony "without calling [him] as a witness at trial"); R. Doc. No. 1413, at 1 (minute entry for status conference held June 18, 2021, in which "[t]he government reiterated that it does not intend to call Mark W. Perlin at trial")
[7] R. Doc. No. 1410, at 2.
[8] *See, e.g.*, R. Doc. No. 1293, at 2 (Johnson's reply, arguing only that "Perlin was not . . . disclosed as an expert.").

2

expert witness, the Court will assume that it did not and, in doing so, violated Federal Rule of Criminal Procedure 16, which imposes a host of disclosure requirements.

A "district court has wide discretion when determining what sanctions, if any, to impose for a Rule 16 violation." *United States v. Chesser*, 795 F. App'x 242, 245 (5th Cir. 2019) (citing *United States v. Dvorin*, 817 F.3d 438, 453 (5th Cir. 2016)). "In exercising this discretion, the district court should consider factors such as the reasons why disclosure was not made, the prejudice to the opposing party, the feasibility of rectifying that prejudice by granting a continuance, and other relevant circumstances." *United States v. Bentley*, 875 F.2d 1114, 1118 (5th Cir. 1989) (citing *United States v. Sarcinelli*, 667 F.2d 5 (5th Cir. 1982)). A court "should impose the least severe sanction that will accomplish the desired result." *United States v. Swenson*, 894 F.3d 677, 684 (5th Cir. 2018) (quoting *Sarcinelli*, 667 F.2d at 7) (reversing the district court's dismissal of the case against a defendant as a sanction for the government's repeated disclosure violations because it was not the least severe sanction).

Here, no party has argued—nor is there any evidence to suggest—that the government's failure to timely disclose Perlin as a potential witness was intentional. The government explains that it did not disclose Perlin because it "did not intend to use [his] testimony" prior to the filing of the instant motion.[9] While the government's initial plan not to call Perlin may be questionable, its decision not to disclose an expert it did not intend to use makes sense. However shortsighted the decision may

---

[9] R. Doc. No. 1410, at 2.

3

have been, it was not the sort of prosecutorial misconduct that occasionally forms the basis of Rule 16 violations.

More importantly, Johnson was not significantly prejudiced by the government's error. He has had significant time to prepare for Perlin's testimony. Indeed, he has long been aware that the government would seek to use DNA evidence against him—the instant motion was filed in November of 2020, and Johnson has had access to Perlin's comprehensive affidavit since the government attached it to its opposition filed in December, more than seven months ago. Moreover, Johnson has had his own DNA expert for some time and was clearly aware of the DNA evidence the government seeks to introduce at trial. At worst, the government's non-disclosure of Perlin and its subsequent statements that it did not intend to call him deprived Johnson of some time to prepare a response specific to Perlin. And the Court doubts that there is much prejudice in that. After all, no one has argued that Perlin, the founder of Cybergenetics, is unqualified to offer an opinion on the reliability of his company's software.

Furthermore, whatever prejudice *has* occurred could easily be remedied through a continuance, allowing Johnson's team more time to prepare for Perlin's testimony. While the Court would be inclined to impose a continuance here, Johnson has indicated to the Court that he does not desire one in the event Perlin is allowed to testify.[10]

---

[10] *See* R. Doc. No. 1425.

To sum it up: The government does not dispute that it failed to disclose Perlin, nor does it argue that it did not need to do so. But its reasons for failing to disclose him are understandable and devoid of any hint of intentional wrongdoing. More importantly, the Court sees little in the error that prejudices Johnson. And whatever prejudice did occur could easily be remedied by a continuance—which Johnson does not want.

Accordingly, the Court has little difficulty concluding that it would be inappropriate to exclude Perlin from the trial—or for that matter, any evidentiary hearing—due to the government's Rule 16 violation. And, because Johnson does not want a continuance, the most obvious and least severe sanction, the Court concludes that no sanction is warranted. Therefore,

**IT IS ORDERED** that to the extent Johnson's motion seeks exclusion of Perlin from any proceedings on the basis of the government's failure to disclose him, the motion is **DENIED**. In all other respects, the motion remains pending.

New Orleans, Louisiana, July 14, 2021.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**